UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Didie C. Watsop and Hortance Watsop,<br><br>Debtor. | Chapter 7<br>Case No. 25-10466-CJP |

**WELLS FARGO'S OBJECTION TO MOTION BY TRUSTEE FOR AUTHORITY TO CONVEY REAL PROPERTY AND TANGIBLE PERSONAL PROPERTY OF MANGWA REAL ESTATE LLC TO THE ESTATE, AND TO SELL SUCH PROPERTY BY PRIVATE SALE, FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND FOR RELATED RELIEF**

Secured Creditor Wells Fargo Bank, N.A. ("Wells Fargo") hereby objects on a limited basis (this "Objection") to the *Motion by Trustee for Authority to Convey Real Property and Tangible Personal Property of Mangwa Real Estate LLC to the Estate, and to Sell Such Property by Private Sale, Free and Clear of Liens, Claims, Interests and Encumbrances and for Related Relief (New Bedford, MA)* (Dkt. No. 106) (the "Motion to Sell"). In further support of this Objection, Wells Fargo states as follows:

**BACKGROUND**

1. On or about July 12, 2011, Mangwa Real Estate LLC ("Mangwa Real Estate") and Mangwa Investments Inc. ("Mangwa Investments"), two entities owned and controlled by Debtor Didie Watsop ("Mr. Watsop"), secured a loan from Wells Fargo in the original principal sum of $1,495,000 (the "Loan")[1] in connection with the real estate ownership of the property

---

[1] This is one of three loans Mr. Watsop and his related entities have with Wells Fargo. *See* Proofs of Claim (Dkt. Nos. 6-8). As of the Petition Date, Wells Fargo is owed *at least* $2,108,467.76 in total in connection with these loans.

located at 670 County Road, New Bedford, MA (the "Property", and the subject of the Trustee's Motion to Sell) and the operation of a nursing home at the Property.[2]

2. As of the Petition Date, Wells Fargo is owed *at least* $1,016,590.74 in connection with the Loan. *See* Proof of Claim (Dkt. No. 7-1).

3. The Loan is evidenced by a U.S. Small Business Administration Note (as amended as set forth below, the "Note"), dated July 12, 2011, requiring borrowers' repayment of the amount of $1,495,000 in accordance with the terms of the Note. *See* Proof of Claim (Dkt. No. 7-1), at Exhibit A.

4. In connection with the Loan, on or about July 12, 2011, Mr. Watsop executed a U.S. Small Business Administration Unconditional Guarantee (the "Guaranty"), unconditionally guarantying the complete satisfaction of all obligations under the Loan. *Id*.

5. The Loan is also secured by certain mortgages.

6. First, the Loan is secured by a ***first position*** mortgage on the Property, granted by Mangwa Real Estate in the principal amount of $1,495,000 (the "670 County Mortgage"), which was recorded on July 14, 2011 at the Bristol County Registry of Deeds in Book 10103, Page 150. *Id*.

7. Second, the Loan is secured by a ***second position*** mortgage on the property located at 30 Alaska Street, Roxbury, MA, granted by Mr. Watsop in the principal amount of $1,495,000 (the "30 Alaska Mortgage"), which was recorded on July 14, 2011 at the Suffolk County Registry of Deeds in Book 48141, Page 300. *Id*.

8. Third, the Loan is secured by a ***second position*** on the property located at 14 Track Street, Brockton, MA, granted by Mr. Watsop in the principal amount of $1,495,000 (the

---

[2] Mangwa Real Estate owned the Property and Mangwa Investments owned the nursing home operation.

"14 Track Mortgage"), which was recorded on July 14, 2011 at the Plymouth County Registry of Deeds in Book 40119, Page 229. *Id*.

9. Fourth, the Loan is secured by a ***second position*** mortgage on the property located at 402 Country Club Way, Kingston, MA, granted by Mr. Watsop in the principal amount of $1,495,000 (the "402 Country Club Mortgage"), which was recorded on July 14, 2011 at the Plymouth County Registry of Deeds in Book 40119, Page 253. *Id*.

10. The Property at issue in the Trustee's Motion is *allegedly* further encumbered by the following:

   a. Statement of Account recorded by J.R. Rooter on February 3, 2021 in Book 13631, Page 270 in the alleged amount of $12,500.00; and

   b. Lien recorded by the Commonwealth of Massachusetts, Office of Health and Human Services, on November 14, 2024 in Book 15151, Page 140 of the Registry in the alleged amount of $296,144.98.

11. *Both of these alleged encumbrances, however, are deficient*. The J.R. Rooter Statement of Account lists the "hiring party" as "Savoy Rehabilitation and Nursing Center," which was the "doing business as" name for Mangwa *Investments*, the owner, operator, and licensee of the nursing home. Mangwa *Investments*, however, is not the owner of the Property; Mangwa *Real Estate* is.

12. Similarly, the Commonwealth's alleged statutory lien was made pursuant to G.L. c. 118E, Section 63 for unpaid nursing facility user fees. Again, the nursing home licensee and "nursing facility user," however, was Mangwa *Investments*, d/b/a Savoy Nursing and Rehabilitation Center, and not Mangwa *Real Estate*, as wrongly listed on the Commonwealth's alleged lien. *See*, *e.g.*, Notice of Intent to Closing Nursing Facility, attached hereto as <u>Exhibit A</u>.

## ARGUMENT

Wells Fargo does not object to the sale of the Property or the sale price. Wells Fargo, however, does object to the Trustee's Motion if he is attempting to sell the Property free and clear of Wells Fargo's first position mortgage without payment in full to Wells Fargo of the proceeds of the sale at the closing.[3] Absent payment to Wells Fargo of the remaining proceeds at closing, Wells Fargo objects to the release of its mortgage.

To the extent that the Trustee is suggesting that Wells Fargo look to the other properties for payment of its claim, no factual or legal basis is submitted in support of the same. Wells Fargo previously bargained for a first mortgage on the 670 County Street property at issue. Wells Fargo's bargain, and its first position mortgage, should be honored in the first instance, especially where the alleged creditors behind Wells Fargo on the Property do not have valid liens. The fact that Wells Fargo also may have other security interests of Mr. Watsop pursuant to a guaranty does not mean that Wells Fargo should be forced to look to those separate interests.

First, Wells Fargo is in second position on each of those other properties. There are difficulties and unknown outcomes associated with potential foreclosures on those properties where there are senior mortgages in place. Second, Wells Fargo would need to foreclose its mortgages in order for recovery, further increasing its costs incurred in connection with the Loan. Third, the properties have additional issues that make the value and recovery uncertain at this time. At least one property has an existing tenant that requires eviction proceedings to remove prior to foreclosure. The properties are also in need of repair. As a result of these issues, any estimated recovery is speculation at this stage. It would be detrimental and unduly

---

[3] Wells Fargo also does not object to the Trustee's use of proceeds from the sale to be paid to Municipal liens, brokerage commissions and other customary closing costs, but all remaining proceeds from the sale should be distributed to Wells Fargo. Wells Fargo is prepared to discuss with the Trustee payment of commissions and reasonable closing fees.

ME1\58701012.v1

prejudicial to require Wells Fargo to look to these other properties in light of the significant issues and differences between those assets and the first position Wells Fargo holds in connection with the Loan and Property at issue.

If in fact the Trustee seeks to compel Wells Fargo to look first to the other properties for payment of its claim, all sale proceeds should be held pending further Order of the Court, and a schedule agreed upon for the Court's consideration of the Trustee's request.  All of Wells Fargo's rights are hereby expressly reserved.

WHEREFORE, Wells Fargo respectfully requests that this Court sustain this Objection and grant to Wells Fargo such further relief the Court deems proper and just.

Dated:  November 24, 2025              Respectfully submitted,

**WELLS FARGO BANK, N.A.**,

By its attorney,

/s/ John M. Allen
John M. Allen, BBO #673081
McCarter & English, LLP
265 Franklin Street
Boston, MA  02110
Tel. (617) 449-6500
Fax. (617) 326-3047
jallen@mccarter.com

ME1\58701012.v1

## **CERTIFICATE OF SERVICE**

I, John M. Allen, hereby certify that the foregoing, filed through the ECF system, was sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies were sent to those indicated as non-registered participants on November 24, 2025.

/s/ John M. Allen
John M. Allen